**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: _____**

| | |
|---|---|
| Tracy Fjeldberg,<br><br>                    Plaintiff,<br>v.<br><br>JP Morgan Chase Bank, N.A.,<br><br>                    Defendant. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

## JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391b(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and the Defendant transact business in this District.

## PARTIES

4.      Plaintiff Tracy Fjeldberg (hereinafter "Plaintiff") is a natural person who resides in the City of Albert Lea, County of Freeborn, State of Minnesota and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.      Defendant JP Morgan Chase Bank, N.A. (hereinafter "Chase") is a financial services company specializing in investment banking, small business and

commercial banking, financial transaction processing, asset management, and private equity. Defendant Chase is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

### *The Account*

6.     On or around September 30, 2004 Plaintiff opened an individual credit card account #0996 (hereinafter the "Account") with Defendant Chase for personal, family, and household purposes.

### *Issuance of Form 1099-C "Cancellation of Debt"*

7.     In early 2014, Defendant Chase sent Plaintiff a 1099-C "Cancellation of Debt" form stating that the Account was discharged by Defendant Chase as of December 10, 2013.

8.     The 1099-C Form instructed Plaintiff: "If a federal government agency, financial institution, credit union, or an organization having a significant trade or business of lending money (such as a finance or credit card company) cancels or forgives a debt you owe of $600 or more, this form must be provided to you. Generally, if you are an individual, you must include all canceled amounts, even if less than $600, on the "Other income" line of Form 1040."

9.     The 1099-C Form warned Plaintiff: "This is important tax information that is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported."

10.    Line item five on the 1099-C Form asked "Was borrower personally liable to repayment of the debt?" to which Chase checked the box marked "Yes."

11.    The 1099-C Form issued to Plaintiff is attached to this Complaint as Exhibit 1.

12.    On or around April 15, 2014, Plaintiff included the discharged Account as income when he filed his federal income tax return.

13.    The face of the 1099-C Form suggests that issuance of the Form operates to discharge indebtedness on its own.

14.    In contrast to the face of the 1099-C Form, the IRS has promulgated rules found at 26 C.F.R. § 1.6050P-1 arguably requiring creditors to issue 1099-C Forms in certain circumstances even if the creditor does not intend to forgive the indebtedness.

15.    On January 19, 2006, Debt Buyers Association (DBA), a trade group of purchasers of accounts receivable, sued the Secretary of the Treasury and the Commissioner of Internal Revenue in the United States District Court for the District of Columbia seeking to enjoin enforcement of 26 C.F.R. § 1.6050P.

16.    One ground for the DBA lawsuit was that issuing the 1099-C Form could create the false impression that the account owner agreed not to pursue further collection activities, which could subject the account owner to FDCPA liability.

17.    The Government defendants argued that an account owner issuing a 1099-C Form could make its intentions clear, and guard from FDCPA liability, by providing consumers with a corresponding notice stating: "(1) that they are issuing a 1099 because one or more of the circumstances in Treasury Regulation § 1.6050P–1

have been met, (2) that the business intends to, or may, continue collecting the debt until barred by state or federal law governing debt collection, and (3) that the recipient should consult with a tax advisor if he or she does not know whether income arises under 26 U.S.C. §§ 61(a)(12) and 108 in his or her particular circumstances."

18. The United States District Court for the District of Columbia approved of the Government defendants' model notice and included the language quoted in the above paragraph in its opinion dismissing DBA's lawsuit dated January 30, 2006.

19. The United States District Court for the District of Columbia published its opinion at 481 F.Supp. 2d 1.

20. Whether a creditor forgave indebtedness upon issuance of a 1099-C Form is a question of the creditor's intent.

21. Defendant Chase sent a letter to Plaintiff dated January 17, 2014 stating that they would no longer attempt to collect the unpaid debt on his account.

22. Defendant Chase intended to forgive Plaintiff's indebtedness when it issued the 1099-C Form.

### *Disputes to CRAs*

23. Despite Chase's intention to forgive Plaintiff's indebtedness, Plaintiff discovered that the account was still being reported as due and owing to the Credit Reporting Agencies (CRAs).

24.   In October 2014, Plaintiff submitted an online dispute regarding the balance on his Chase account, which continued to appear on his credit report, with the CRAs in accordance with 15 U.S.C. § 1681i.

25.   Plaintiff sent disputes to the Experian Information Solutions, Inc., Equifax, Inc., and Trans Union LLC.

26.   Plaintiff's disputes explained that the Account was being misreported as having a balance when the Account had in fact been discharged by Defendant Chase as of December 10, 2013.

27.   Plaintiff's disputes explained that Plaintiff had already paid income tax in 2014 on the cancelled Account.

28.   Plaintiff's disputes included a copy of the 1099-C form stating that the Account was discharged by Defendant Chase as of December 10, 2013.

### *Defendant Chase's Response to Experian*

29.   Upon information and belief, after receiving Plaintiff's dispute, non-party Experian sent an ACDV and a copy of Plaintiff's dispute to Defendant Chase for investigation.

30.   In response to Plaintiff's dispute, Defendant Chase advised Experian that Plaintiff's acct #0996 was "charged off. $11,213 written off. $11,213 past due…"

31.   Defendant Chase failed to advise Experian that Plaintiff's liability for the Account was cancelled on December 10, 2013 or that Plaintiff disputed the reporting of Chase's account.

32. Defendant Chase failed to conduct a reasonable investigation of Plaintiff's disputes and failed to completely and accurately update its credit reporting about Plaintiff. Defendant's Chase's failures violated 15 U.S.C. § 1681s-2(b).

### *Defendant Chase's Response to Equifax*

33. Upon information and belief, after receiving Plaintiff's dispute, non-party Equifax sent an ACDV and a copy of Plaintiff's dispute to Defendant Chase for investigation.

34. In response to Plaintiff's dispute, Defendant Chase verified for Equifax that Plaintiff's acct #0996 belonged to him and that it had a past due balance of "$11,213.00".

35. Defendant Chase advised Equifax that the account was charged off and that Plaintiff disputes that status. Defendant Chase further advised Equifax that the account was closed by the creditor grantor.

36. Defendant Chase failed to advise Equifax that Plaintiff's liability for the Account was cancelled on December 10, 2013.

37. Defendant Chase failed to conduct a reasonable investigation of Plaintiff's disputes and failed to completely and accurately update its credit reporting about Plaintiff. Defendant's Chase's failures violated 15 U.S.C. § 1681s-2(b).

### *Defendant Chase's Response to TransUnion*

38. Upon information and belief, after receiving Plaintiff's dispute, non-party TransUnion sent an ACDV and a copy of Plaintiff's dispute to Defendant Chase for investigation.

39.  In response to Plaintiff's dispute, Defendant Chase advised TransUnion that Plaintiff's acct #0996 was "…DISPUTED BY CONSUMR [sic]; CLOSED BY CREDIT GRANTOR; >UNPAID BALANCE CHARGED OFF<".

40.  Defendant Chase failed to advise TransUnion that Plaintiff's liability for the Account was cancelled on December 10, 2013.

41.  Defendant Chase failed to conduct a reasonable investigation of Plaintiff's disputes and failed to completely and accurately update its credit reporting about Plaintiff.  Defendant's Chase's failures violated 15 U.S.C. § 1681s-2(b).

### *Impact of Defendant Chase's Failures*

42.  Defendant Chase's failures have caused ongoing damage to Plaintiff's credit rating, restricting Plaintiff's access to credit, and causing Plaintiff to pay higher interest rates for the credit available and to be unable to refinance his mortgage.

43.  Defendant Chase's failures have caused Plaintiff great frustration, marital strife, humiliation, mental anguish, sleeplessness, and despair, recoverable as actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1).

44.  Defendant Chase's utter failure to factor its cancellation of the Account into its credit reporting scheme demonstrates a willful disregard of its statutory duties under the FCRA.  Defendant Chase's willful disregard of its duties necessitates an award of statutory and punitive damages pursuant 15 U.S.C. § 1681n(a).

### **TRIAL BY JURY**

45.  Plaintiff is entitled to and hereby demands a trial by jury pursuant to the Seventh Amendment to the U.S. Constitution and Federal Rule of Civil Procedure 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT— 15 U.S.C. § 1681 *et seq.*—AGAINST DEFENDANT CHASE

46.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.    The foregoing acts and omissions of Defendant Chase constitute numerous and multiple violations of the FCRA, including but not limited to each and every one of the several provisions cited above.

48.    As a result of Defendant Chase's violations of the FCRA, Plaintiff has suffered actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1) in an amount to be determined at trial.

49.    Defendant Chase's failure to comply with the FCRA was willful as defined by 15 U.S.C. § 1681n(a) and *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007).

50.    Pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 1681n(a)(2), Plaintiff is entitled to recover statutory and punitive damages against Defendant Chase in the amount to be determined at trial.

51.    Pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), Plaintiff is entitled to recover attorney's fees and costs.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

- Pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1), awarding Plaintiff actual damages caused by Defendant Chase's violations of the FCRA;

- Pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681n(a)(2), awarding Plaintiff statutory and punitive damages in an amount to be determined at trial;

- Awarding Plaintiff's costs and attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

- Ordering such other and further relief as may be just and proper.

Dated this 24th day of November, 2014.

By: <u>s/Thomas J. Lyons Jr.</u>
Thomas J. Lyons Jr., Esq.
Attorney I.D. #249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com

ATTORNEY FOR PLAINTIFF

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

| | |
|---|---|
| **STATE OF MINNESOTA** | ) |
| | ) **ss** |
| **COUNTY OF <u>FREEBORN</u>** | ) |

   I, Tracy Fjeldberg, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


               s/Tracy Fjeldberg_____
               Tracy Fjeldberg


Subscribed and sworn to before me
this <u>18</u> day of November, 2014



s/Bridget Ann Oleson
Notary Public